[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a foreclosure action instituted by the plaintiff, Citizens Mortgage Corporation (Citizens), against the defendants, Benjamin Perez, Eva L. Perez, Angel M. Rivera, Jr. and Isabel Rivera (defendants). On December 20, 1995, the plaintiff returned the process to the court. On February 27, 1995, the defendants filed an answer, special defenses and a counterclaim.
The special defenses alleged are:
1. The complaint fails to state a cause of action.
 2. Plaintiff has waived and relinquished and/or is estopped from asserting its claims. . . .
3. Plaintiff is barred by unclean hands. . . .
4. Plaintiff's claims are barred by settlement and compromise. . . .
5. Plaintiff's claims are barred by accord and satisfaction. . . .
The first special defense alleges no supporting facts, and the factual predicate supporting special defenses two through five, respectively, recites: "A workout was negotiated, only to be reneged upon by plaintiff." There are no other allegations contained in the special defenses.
The counterclaim is premised on the single sentence appended to special defenses two through five and continues "[p]laintiff's claim is so faulty that such claim was brought for the improper purposes of harassment. Accordingly, defendants are entitled to CT Page 12650 an award of legal fees for defending this action, an award of damages, and such other relief as the court may grant."
On May 22, 1995, Citizens filed a motion to strike the special defenses and counterclaim on the bases that the special defenses do not allege facts in support of their legal conclusions, the special defense does not address the making, validity or enforcement of the note and the counterclaim does not comply with the transactional test of Practice Book § 164.
The defendants elected not to file a memorandum in opposition to Citizens' motion.
In ruling on a motion to strike, the court has an obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency. Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). Indeed this court is limited to the facts alleged in the defendants' special defenses and cannot be aided by the assumption of any facts not alleged in the special defenses. First Federal Bank ofConnecticut v. Zavatsky, 9 CSCR 420 (March 15, 1994, Moraghan, J.). "Moreover, `[a] special defense requires pleading of facts which are consistent with the plaintiff's statement of facts, but show, nevertheless, that the plaintiff has no cause of action.'" Id., 421, quoting Bank of New Haven v. Liner, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 03 45 16 (April 2, 1993, Curran, J.).
Special defenses in a foreclosure action must attack the making, validity or enforcement of the note and mortgage. FirstFederal Bank of Connecticut v. Zavatsky, supra, 9 CSCR 421. "The rationale behind this limitation is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) Willow Springs Condo Assoc.v. Pereira, Superior Court, Judicial District of Litchfield, Docket No. 06 70 67 (February 9, 1995, Pickett, J.). Further, based on the same rationale, the defenses and counterclaims cannot attack "some act or procedure of the lienholder." DimeSavings Bank v. Albir, Superior Court, Judicial District of Stamford/Norwalk, Docket No. 13 25 82 (February 7, 1995, D'Andrea, J.), citing Lawall Realty, Inc. v. Auwood, Superior CT Page 12651 Court, Judicial District of New London, Docket No. 52 70 50 (March 1, 1994, Leuba, J.); National Mortgage Company v. McMahon,9 CSCR 300 (February 18, 1994, Celotto, J.).
In the present case, all of the defendants' special defenses containing factual allegations rely on the same underlying factual predicate: "A workout was negotiated, only to be reneged upon by plaintiff."[1] This factual foundation, which may in itself be conclusory and insufficient to support the legal theories alleged; see First Federal Bank of Connecticut v.Zavatsky, supra, 9 CSCR 421 (conclusory allegations do not establish that plaintiff has no cause of action); is an act or procedure of the lienholder that occurred subsequent to the execution of the note and mortgage. Therefore, the activities recited comprising the special defense "fail to assert any connection with the subject of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) Willow Springs CondoAssoc. v. Pereira, supra. Accordingly, Citizens' motion to strike special defenses two through five is granted.
Furthermore, since the special defenses are legally insufficient, the counterclaim, "predicated upon the allegations of the [special defenses] must, of necessity, be held to be fatally flawed." Clearheart Construction Co. v. Charles DanielsService, Superior Court, Judicial District of Danbury, Docket No. 31 41 77 July 14, 1994, Moraghan, J.).
Based on the foregoing, the court grants Citizens' motion to strike in its entirety.
STODOLINK, J.